murrer was on that ground overruled. The language of the court is as follows:

"It may be conceded that this defence is not new matter, as it is not in avoidance or confession (meaning, presumably, in confession and avoidance) of the matters set forth in the complaint. But it is none the less a defence, because it is what is termed in pleading a denial."

I own not to understand this, or how a "defence" can be a "denial" at all. A defence can be good at all only on the theory that the complaint is true in all of its allegations. That is the test of the sufficiency of a defence. On the trial, or on a motion for judgment on the answer as frivolous, affirmative allegations in the answer inconsistent with the allegations of the complaint cannot be taken as or in lieu of a formal denial; nor can they be so taken on a motion to strike them out as frivolous; and yet here is a decision that they must be so taken if they be demurred to. If demurred to such allegations must be accepted as a denial, according to this decision; but on the trial, or on a motion for judgment, or to strike out, they cannot be so accepted. But how can they be a denial in one case and not in the other?

It seems to me (for I must choose between them) that the case first cited undoubtedly states the true rule. It gives the rule as the profession has long understood and applied it.

But aside from all this, I do not think the allegations of the defence in this case are inconsistent with those of the complaint.

The motion is granted, with $10 costs.

---

(38 Misc. Rep. 371.)

JACOBUS v. AMERICAN MINERAL WATER MACH. CO. et al.

(Supreme Court, Special Term, New York County. July, 1902.)

1. MINORITY STOCKHOLDERS—RIGHTS—EQUITABLE RELIEF.

A minority stockholder of a corporation is entitled to equitable relief where it occupies the same office with another corporation and a competitor in business, and both corporations have the same agents, and are under the same voting control, and are conducted in such a manner as to sacrifice the interests of the corporation in which such stockholder is interested to advance those of the other.

Action by Emanuel Jacobus against the American Mineral Water Machine Company and others. Judgment for plaintiff. See 73 N. Y. Supp. 289.

Hoadly, Lauterbach & Johnson (Edward Lauterbach and Eugene Treadwell, of counsel), for plaintiff.

Boardman, Platt & Soley, for defendants American Mineral Water Mach. Co. and others.

Leo G. Rosenblatt, for defendants Diamond Soda Water Co. and others.

Benjamin Fonda, for defendants Max Rothschild and another.

George Sewell Bonner, for defendant City Trust Co. of New York.

FITZGERALD, J.   Certain propositions were made in open court on behalf of the defendants during the progress of this trial which could only have been based upon a theory that a minority stockholder was without recourse when the majority decide upon some plan of conducting the business of a corporation which does not meet with his approval, except to the extent of being afforded an opportunity to accept such offer for the surrender of his stock as the majority might make him.   It is true that courts of equity will not interfere to settle a question of "mere administration or of policy upon which there might be a difference of opinion" (Gamble v. Water Co., 123 N. Y. 91, 25 N. E. 201, 9 L. R. A. 527); but the matter is different "when the majority of a company proposed to benefit themselves at the expense of a minority" (Menier v. Telegraph Works, 9 Ch. App. 350).   Both corporations in the case at bar are engaged in the same business, and while the pretense of keeping the two concerns going is attempted, it is abundantly established that the settled policy of the controlling power in both is to subordinate and sacrifice the interests of one for the purpose of increasing the business and profits of the other.   Many circumstances combine to support this view,—the competition in trade, the occupancy by both concerns of the same premises, the relationship with some of the defendants, and the mere nominal interest of the directors of the Diamond Company, the employment of practically the same persons for the performance of similar duties for each corporation, and many other incidents of an equally suspicious nature, with which the evidence abounds.   In addition to these matters, the good faith of the majority's action is severely shaken by the character of the arrangements made with Mulholland for the purchase of stock and the transfer of the bonds. These bonds were issued upon the security of a mortgage of all the property of the original corporation, and were practically voted by the defendant directors to themselves in payment of alleged debts, and were taken from those defendants at their full face value by Mulholland.   By the latter's possession of the stock and bonds, so acquired, he controls the nominal board of directors, and upon a default in payment of the interest on the bonds could foreclose the mortgage, and absolutely wipe out the only competitor in the field to-day with the defendant corporation.   For these and other reasons the conviction is forced upon me that this case is brought within the doctrine expounded by Martin, J., in Farmers' Loan & Trust Co. v. New York & N. R. Co., 150 N. Y. 430, 44 N. E. 1048, 34 L. R. A. 76, 55 Am. St. Rep. 689:

"The law requires of the majority of the stockholders the utmost good faith in their control and management of the corporation as regards the minority, and in this respect the majority stand in much the same attitude towards the minority that the directors sustain towards all the stockholders. Thus, where the majority are interested in another corporation, and the two corporations have contracts between them, it is fraudulent for that majority to manage the affairs of the first corporation for the benefit of the second. A court of equity will intervene and protect the minority upon an application by the latter."

Judgment for plaintiff.   Settle decision and judgment on notice.